IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ernest D. Dailey, | Civil Action No. 1:19-0662-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Bureau of Prisons, | |
| Respondent. | |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending that Plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Dkt. No. 11.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the petition without prejudice.

**I.    Background**

Petitioner is a *pro se* incarcerated person currently serving a term of imprisonment on a conviction of possession of cocaine and of a firearm in furtherance of a drug trafficking crime. Petitioner asserts that the Bureau of Prisons must immediately recalculate his sentence in order to comply with the First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018). Petitioner originally sought a writ of mandamus, which he timely amended as a petition for a writ of habeas corpus under § 2241 in response to the Magistrate Judge's order.

**II.    Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and properly determined that the petition should be dismissed, to which Petitioner filed no objections. Rule 4 of the Rules Governing Section 2254 Cases in U.S. District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also* Rule 1(b) (allowing district court to apply the § 2254 Rules to § 2241 petitions). Petitioner claims that the First Step Act requires the Bureau of Prisons to award 54 days per year of good conduct time, rather than 47 days. (Dkt. No. 7 at 2.) While the First Step Act amends 18 U.S.C. § 3624(a) to permit a federal inmate to earn 54 days of good conduct time for each year of sentence, the amendment has not yet taken effect. Rather, the First Step Act provides that the amendment takes effect when the Attorney General completes a "risk and needs assessment system" required by § 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's passage, which was on December 21, 2018. Therefore, unless the Attorney General takes action sooner, the amendment would not take effect until July 2019. For these reasons, applying an appropriately liberal construction to the petition so as to afford the *pro se* litigant to develop a potentially meritorious claim, the petition is subject to dismissal.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. A reasonable jurist would not find it debatable that the petition is subject to dismissal. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 11) as the Order of the Court. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's amended petition (Dkt. No. 7) and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court Judge

May 13, 2019
Charleston, South Carolina